# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Nautilus Insurance Company, <br><br> Plaintiff <br><br> v. <br><br> Access Medical, LLC, et al., <br><br> Defendants | 2:15-cv-00321-JAD-GWF <br><br> **Order denying motions for reconsideration and further relief** <br><br> [ECF Nos. 73, 80, 81, 83] |

Nautilus Insurance Company brought this action seeking a declaration that it does not owe a duty to defend its insureds, defendants Access Medical, LLC, Flournoy Management, LLC, and one of the companies' managing members, Robert Clark Wood, II. Access, Flournoy, and Wood are defendants in a California state-court action brought by Wood's former business partner, non-party Ted Switzer.[1]

I granted summary judgment in favor of Nautilus, holding that it had no duty to defend the defendants in the state action.[2] Nautilus's policy extends coverage only to claims arising from slander, libel, or disparagement, and I explained that the state-court claims asserted against the defendants did not allege any of these. The defendants now ask me to reconsider my prior order.[3] They do not cite any new law or changed circumstances; they contend that I clearly erred.

But the defendants have simply repackaged the same arguments that they made before, and I am no more persuaded now than I was then. The thrust of their argument is that a covered claim, such as slander, could possibly be alleged against them in the future. I don't disagree, and if that happens, then perhaps Nautilus will then have a duty to defend. But that does not change the fact that existing allegations asserted against the defendants in the state-court action are not covered by

---

[1] ECF No. 1.

[2] ECF No. 70.

[3] ECF Nos. 80, 81.

Page 1 of 7

Nautilus's policy. I therefore deny the defendants' motions.[4]

Now that I have ruled that Nautilus had no duty to defend, it moves to recover the fees and costs it incurred in defending the state-court action. But Nautilus did not plead a claim for damages or reimbursement in its complaint, and it has not established that it is entitled to these costs as a matter of law, so I deny its motion.

**Discussion**

**A.  Defendants have not demonstrated that I should reconsider my prior order.**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[5] Reconsideration is appropriate if the court "is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[6] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled"[7] or "to raise arguments or present evidence that could have been raised prior to the entry of judgment."[8]

The defendants do not demonstrate any of the three grounds for reconsideration. They offer no new material evidence, they cite no intervening caselaw, and they have not shown that I clearly erred in my prior order.

**1.  Defendants fail to demonstrate that they need time for more discovery.**

The defendants' first argument for reconsideration is that they need more time for discovery. Rule 56(d) provides "a device for litigants to avoid summary judgment when they have not had

---

[4] The defendants also move to stay my consideration of Nautilus's motion for fees pending my determination of the motion to reconsider. ECF No. 83. Because I am denying defendants' motions to reconsider, their motion to stay is moot.

[5] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[6] *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1244, 1263 (9th Cir. 1993).

[7] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[8] *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

sufficient time to develop affirmative evidence."[9] To prevail on a Rule 56(d) request, the movant must show: "(1) that [she has] set forth in affidavit form the specific facts that [she] [hopes] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion."[10] A Rule 56(d) motion "may be denied where the movant has been dilatory, or where the movant seeks irrelevant, speculative, or cumulative information."[11]

I previously explained why the defendants' prior showing on this point fell short, and they offer nothing new here. Defendants still have not articulated any specific facts that they hope to discover, what basis they have for believing those facts exist, and how these specific facts are essential. The defendants have therefore not shown that I clearly erred by declining to reopen discovery or otherwise delay my ruling under FRCP 56(d).

**2. Defendants fail to demonstrate that I clearly erred in determining that Nautilus has no duty to defend them.**

The defendants next argue that I clearly erred in determining that Nautilus has no duty to defend them. Defendants maintain that the allegations against them in the state action create a potential for coverage triggering Nautilus's duty to defend under its policy.

"The duty to defend is broader than the duty to indemnify."[12] An insurer has a duty to defend unless "there is no *potential* for coverage."[13] The duty to defend arises whenever the insurer

---

[9] *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).

[10] *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (stating standard under former Rule 56(f)).

[11] *Slama v. City of Madera,* 2012 WL 1067198, *2 (E.D. Cal. March 28, 2012) (citing *California Union Ins. Co. v. Am.*, 914 F.2d 1271, 1278 (9th Cir. 1990) (stating that, under former Rule 56(f), a district court may deny a request for further discovery if the movant has failed to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment)).

[12] *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1158 (Nev. 2004) (en banc).

[13] *Id.* (quotation omitted) (emphasis in original).

"ascertains facts [that] give rise to the potential of liability under the policy"[14] and "continues throughout the course of the litigation."[15]  To prevent an insurer from evading its defense obligations "without at least investigating the facts behind a complaint," any doubts about the insurer's duty to defend must be resolved in the insured's favor.[16]  As I explained in my prior order, the duty to defend may be triggered by facts known to the insurer through extrinsic sources or by the factual allegations in the complaint.[17]

Nautilus's policy requires it to defend against claims arising from "oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services[.]"[18]  Defendants thus needed to point to allegations or extrinsic evidence asserted against them in the state action amounting to a claim of a "publication" of "material that slanders or libels" or "disparages" another.

The thrust of the defendants' argument for reconsideration is a repackaged version of the same arguments that they made before.  They contend that the claims asserted against them in the state-court action could potentially include an allegation of defamation in the future, so Nautilus should defend them.  They point to the fact that the intentional-interference claim that they are defending against requires proof of a "wrongful act"—and that independent torts like defamation (which is covered under Nautilus's policy) could constitute that wrongful act.

But the defect in the defendants' theory remains: there is no indication that the plaintiff in the state action has alleged that the predicate wrongful act for the intentional-interference claim is a defamatory publication that would trigger Nautilus's coverage.  That the plaintiff in the state action

---

[14] *Id.* (quotation omitted).

[15] *Id.* (quotation omitted).

[16] *Id.*

[17] *Andrew v. Century Surety Co.*, 2014 WL 1764740, at *4 (D. Nev. April 29, 2014) (Gordon, A.) (predicting that the Nevada Supreme Court would apply the four-corners rule only when the complaint raises the possibility of coverage but the insurer's own investigation suggests there is no possibility of coverage).

[18] *Id.* at 22.

Page 4 of 7

could theoretically add a qualifying allegation or that new evidence could surface in the future makes no matter. The duty to defend does not sprout from thin air anytime someone is sued; it exists when the allegations and known facts create a potential for coverage. In other words, coverage exists only when the evidence and allegations given to the insurer could possibly—on their own—result in covered liability. Without any existing evidence or allegations giving rise to a potential for covered liability, there is no present duty to defend.

Taking all of the allegations in the state-court complaint and the extrinsic evidence that the defendants offer here, there is no indication that they are being sued for an act covered by Nautilus's policy. The defendants offer no new evidence on this point, save some irrelevant discovery responses from the state action.[19] Indeed, these discovery responses cut against the defendants' theory. For example, the plaintiff in the state action says that he "has not alleged any claim for defamation" against the defendants.[20] Because the defendants offer no new relevant evidence, law, or persuasive explanation of how I clearly erred, I deny their motion for reconsideration.[21]

### D. I deny Nautilus's request for the fees and costs it incurred in the underlying action.

Now that I have ruled that Nautilus owes the defendants no duty to defend, it asks that I award it the costs it incurred in defending the state-court action. Although Nautilus did not allege a claim for reimbursement or damages in its complaint, it contends that a provision in the Declaratory Relief Act, 28 U.S.C. § 2202, allows it to seek this relief.

Some courts have allowed insurers to seek reimbursement of defense costs under § 2202.[22]

---

[19] ECF No. 99-1.

[20] *Id.*

[21] Defendants also argue that it is unfair to require them to implicate themselves in tortious conduct before triggering the duty to defend. But they need not implicate themselves in a tort, they merely need to demonstrate an existing potential for coverage—that, they have not done.

[22] *See, e.g., Hewlett Packard Co. v. ACE Prop. & Cas. Ins. Co.*, 2010 WL 11469575, at *3 (N.D. Cal. Dec. 15, 2010); *Omaha Indem. Ins. Co. v. Cardon Oil Co.*, 687 F. Supp. 502, 505 (N.D. Cal. 1988).

Page 5 of 7

This provision gives courts discretion to award "further necessary or proper relief" in declaratory relief actions. But while "further relief may include an award for damages, it is not the primary function of a district court in a declaratory judgment proceeding."[23] Courts have also read this "grant of power narrowly."[24] I find three problems with Nautilus's arguments.

First, Nautilus never raised a claim for reimbursement or damages in its complaint. All it asked for was a declaration that it has no *further* duty to defend the insureds.[25] Because it never asked for damages or reimbursement, neither party developed discovery or briefing related to Nautilus's incurred costs, whether those costs should be offset, or whether the parties agreed to shift those costs to the defendants if coverage did not exist. Understandably, the defendants respond that they would dispute many of Nautilus's proposed costs. Nautilus offers scant authority suggesting that an insurer may seek damages under § 2202 without alleging that claim in its initial complaint, and I decline to adopt such a liberal reading of the Act here.

The second problem is that even if Nautilus had properly alleged a claim for reimbursement, it has not shown that it is entitled to that relief as a matter of law. Nautilus argues that I should award damages under § 2202 itself, but it does not offer a single case in which a court has reimbursed a party in a state-law diversity case solely under the power of § 2202.[26] It would make little sense to apply substantive federal legal standards to a state-law case brought under diversity jurisdiction, particularly when "the operation of the Declaratory Judgment Act is procedural only,"[27] and "does not create any new substantive right but rather creates a procedure for adjudicating

---

[23] *All. of Nonprofits for Ins., Risk Retention Grp. v. Barratt*, 2013 WL 3200083, at *3 (D. Nev. June 24, 2013) (quotation omitted).

[24] *Id.*

[25] ECF No. 1 at ¶¶ 2, 36, 43, 49, 51.

[26] Nautilus's authority on this point consists of cases that either addressed federal claims, like copyright infringement, or did not address reimbursement at all. *Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.*, 155 F.3d 17, 25 (2d Cir. 1998); *Lake Effect Inv. Corp. v. Bluso*, 2007 WL 1231777, at *1 (N.D. Ohio Apr. 25, 2007).

[27] *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937).

existing rights."[28] Unsurprisingly, the cases that Nautilus cites apply state law to decide whether an insurer is entitled to be reimbursed, not some nebulous standard from § 2202.[29]

Finally, Nautilus has not established that it is entitled to reimbursement under Nevada law. Nevada law allows insurers to seek reimbursement only if the parties agreed to it.[30] And Nautilus has not shown that the parties did so here. The policy does not say that Nautilus can recover its costs in this situation. And although Nautilus sent the defendants a reservation-of-rights letter indicating that it might seek reimbursement, it has not demonstrated that the letter is enforceable in this case.[31]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the **defendants' motions for reconsideration [ECF Nos. 80, 81] are DENIED.**

IT IS FURTHER ORDERED that **Nautilus's motion for relief [ECF No. 73] is DENIED.**

IT IS FURTHER ORDERED that **defendants' motion to stay [ECF No. 83] is DENIED as moot.**

Dated this 18th day of May, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[28] *W. Cas. & Sur. Co. v. Herman*, 405 F.2d 121, 124 (8th Cir. 1968).

[29] For example, Nautilus relies heavily on *Columbia Cas. Co. v. Abdou*, 2016 WL 4417711 (S.D. Cal. Aug. 18, 2016). As the *Abdou* court, California law governed whether the insurer was entitled to reimbursement because the court's "jurisdiction is based on diversity." *Id.* at *2.

[30] *Capitol Indem. Corp. v. Blazer,* 51 F. Supp. 2d 1080, 1090 (D. Nev. 1999) ("The right to reimbursement does not arise unless there is an understanding between the parties that the insured would be required to reimburse the insurer."); *Great W. Cas. Co. v. See*, 185 F. Supp. 2d 1164, 1173 (D. Nev. 2002).

[31] *Capitol Indem. Corp.,* 51 F. Supp. 2d at 1090 (denying insurer's request for reimbursement of defense costs because there was insufficient evidence that the parties had agreed to shift them to the insurer).