UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Nautilus Insurance Company,<br><br>  Plaintiff<br><br>v.<br><br>Access Medical, LLC, et al.,<br><br>  Defendants | 2:15-cv-00321-JAD-GWF<br><br>**Order denying request for consideration of motion for relief from judgment**<br><br>[ECF Nos. 115, 117] |

  Nautilus Insurance Company sued for a declaration that it did not owe a duty to defend or indemnify its insureds for a state lawsuit they are defending. I granted summary judgment in favor of Nautilus,[1] after concluding that its policy extends coverage only to claims arising from slander or libel and that the state-court claims asserted against the defendants did not allege either. The defendants asked me to reconsider my order, but I declined because their arguments for reconsideration merely repackaged the arguments in their prior briefing.[2] The defendants now ask me to reconsider my decision again, this time in the guise of a motion for relief from judgment under Federal Rule of Civil Procedure 60. Because this case is on appeal, the defendants first ask that I issue an order stating that I will entertain their Rule 60 motion. But because their arguments have no merit, I decline to do so.

  The problem is that the defendants' Rule 60 argument is self-defeating. They argue that they meet the requirements of Rule 60 because they discovered brand new evidence that neither I nor Nautilus has seen before. But brand new evidence has no relevance to this case. Nautilus's complaint sought a declaration that the insurer had no coverage based on the evidence it had *when it filed this case*. It did not seek a declaration about whether it would owe coverage in the future based on newly-discovered evidence. And in any event, this new evidence does not appear to trigger

---

[1] ECF No. 70.

[2] ECF Nos. 80, 81.

coverage. I thus decline the defendants' request to consider their Rule 60 motion.[3]

**Discussion**

Nautilus's policy requires it to defend the defendants against claims arising from "oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services[.]"[4] Nautilus's duty to defend arises not only when there is clear coverage, but also whenever it "ascertains facts [that] give rise to the potential of liability under the policy."[5] Defendants thus needed to point to allegations or evidence that Nautilus knew of, which amounts to a potential claim of a "publication" of "material that slanders or libels."

The defendants have argued throughout this case that the claims asserted against them in the state-court action could potentially include an allegation of slander or libel in the future, so Nautilus should defend them. They rely on (1) the fact that the intentional-interference claim asserted against them could, theoretically, be based on a allegations that the defendants committed slander or libel; and (2) that the plaintiff in the underlying state case is likely to allege slander or libel because he discovered an email in which one of the defendants lied to customers about the plaintiff being banned from selling certain products.

When I addressed these same arguments in my previous orders, I explained that because the plaintiff in the state action has never alleged that he is suing the defendants for defamation (either on its own or as part of the intentional-interference claim) coverage under Nautilus's policy has not been triggered. I held that the email did not put Nautilus on notice of coverage because no allegations in the state case, nor any other independent evidence, suggested that the statements made

---

[3] The defendants separately file an "emergency" motion for an order shortening time. ECF No. 115. Our local rules explain that emergency motions "are not intended for requests for procedural relief, e.g., a motion to extend time." LR 7-4. Our rules further clarify that emergency motions will not be entertained unless the moving part attaches a declaration detailing what efforts were made to confer with the other party. The defendants run afoul of both of these requirements, so I deny their emergency motion.

[4] *Id.* at 22.

[5] *Id.* (quotation omitted).

in the email were the sort of false statements that could support a slander or libel claim.

Defendants now argue that they have discovered new evidence in the state case that confirms this email is likely to contain a false statement that will expose them to potential slander liability. When the plaintiff in the underlying case was recently deposed, he said that he was not banned from selling products, but only that he was threatened with a potential future ban. The defendants conclude that this testimony indicates that the defendant's email is at least arguably a slanderous statement—which would trigger Nautilus's duty to defend.

The biggest problem with the defendants' theory is procedural. Nautilus's complaint sought a declaration that it owed no duty to defend based on the information it had at the time it filed this case. It did not seek a declaration about whether it might owe a duty to defend in the future—such as if it were presented with new evidence that triggers coverage under its policy. And that is what my prior orders say: Nautilus owed no duty because there were not yet any allegations or evidence triggering coverage.[6] So even if the defendants are right that there is newly-discovered evidence warranting relief under Rule 60, newly-discovered evidence is not relevant to the relief that Nautilus requested in this case.[7]

And in any event, this new evidence probably does not trigger Nautilus's coverage. Although the plaintiff in the underlying case suggests that the defendants exaggerated in an email about whether he was banned from selling products, it remains unclear that the statements in the email are false and meet the other elements of slander or disparagement under the applicable state law (e.g., there is no evidence that the communications were unprivileged).[8] Not to mention that nowhere in the plaintiff's complaint in the state case is it alleged that the defendants made any false statement; indeed, this email is not even mentioned. Even if I were able to get to the merits here, I

---

[6] ECF No. 70.

[7] To be sure, there is another sort of new evidence that would be relevant here. If the defendants discovered evidence triggering coverage and showed that Nautilus knew of it before, that evidence would potentially implicate this case.

[8] *Shivley v. Bozanich*, 80 P.3d 676, 682–83 (Cal. 2003).

would continue to hold that Nautilus has no coverage obligation.[9]

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the **defendants' application for an order indicating that the district court will entertain a motion for relief from judgment [ECF No.117] is DENIED.**

IT IS FURTHER ORDERED that **the defendants' motion for emergency order shortening time [ECF No. 115] is DENIED.**

Dated this 11th day of August, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[9] The proper course would likely be for the defendants to file a new case based on these new events.