# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Nautilus Insurance Company, | Case No.: 2:15-cv-00321-JAD-GWF |
| Plaintiff | **Order Denying Application to Consider Motion for Relief from Judgment** |
| v. | [ECF Nos. 126, 127] |
| Access Medical, LLC, et al., | |
| Defendants | |

I previously granted summary judgment in Nautilus Insurance Company's favor on its claims for a declaration that it did not owe a duty to defend or indemnify its insureds, defendants Access Medical, LLC; Flournoy Management, LLC; and Robert Clark Wood, II, regarding matters at issue in a California state-court tort-and-contract case.[1] I recognized that, under Nevada law, an insurer's duty to defend "may be triggered by facts known to the insurer through extrinsic sources or by factual allegations in" a pleading.[2] The defendants offered both a pleading (cross-complaint against them in the California action) and an extrinsic source (email dated July 25, 2011) that they argued contained coverage-triggering facts. I considered both sources but found that neither triggered "Nautilus's duty to defend under the 'personal and advertising injury' provision of the policy" because the facts contained in them did not "give rise to a potential claim for slander, libel, or disparagement . . . ."[3] So, I entered summary judgment in Nautilus's favor on its declaratory-relief claims and declared that it did not owe a duty to defend the defendants under the policy.[4]

---

[1] ECF No. 70.

[2] *Id.* at 8.

[3] *Id.* at 9.

[4] *Id.* at 11.

1

After the defendants appealed from my order,[5] they applied on an emergency basis for an order stating that I would entertain or grant their proposed motion for relief from the judgment under FRCP 60(b) based on newly discovered evidence.[6]  The newly discovered evidence that defendants offered was deposition testimony obtained in the California case that they argued contained coverage-triggering facts (i.e., showed that Nautilus's insureds made false statements about the cross-claimant).[7]  I denied the application because there was no evidence that Nautilus knew of the supposedly coverage-triggering facts before they came out in deposition, which occurred after Nautilus filed this case and I entered my declaratory-relief order.[8]

Defendants now apply again on an emergency basis for an order stating that I will entertain or grant their proposed motion for relief from the judgment under FRCP 60(b) based on more newly discovered evidence.[9]  The newly discovered evidence that defendants offer this time is trial testimony and attorney argument regarding jury instructions from the California case.[10]  Defendants argue that this evidence contains coverage-triggering facts and, moreover, shows that Nautilus had prior knowledge of them.[11]  But the evidence does not, in fact, show that Nautilus had knowledge of the purportedly coverage-triggering facts before it filed this case.  I therefore deny defendants' application.

## Discussion

"For a declaratory judgment to issue, there must be a dispute [that] 'calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon

---

[5] ECF No. 107.

[6] ECF Nos. 115, 117.

[7] ECF No. 117 at 2.

[8] ECF No. 117-1 at 2, ¶ 16 (declaring that the depositions terminated on May 5 and 12, 2017).

[9] ECF No. 127.

[10] ECF No. 126 at 2.

[11] ECF No. 126.

established facts.'"[12] I previously explained that Nautilus "sought a declaration that it owed no duty to defend based on the information that it had at the time it filed this case."[13] "It did not seek a declaration about whether it might owe a duty to defend in the future—such as if it were presented with new evidence that triggers coverage under its policy."[14] This is "why my prior orders say: Nautilus owed no duty because there were not yet any allegations or evidence triggering coverage."[15] This is also why I explained that the previous newly offered evidence was "not relevant to the relief that Nautilus requested in this case[,]" but "[i]f the defendants discovered evidence triggering coverage **and showed that Nautilus knew of it before**, that evidence would potentially implicate this case."[16]

Defendants argue that this round of newly discovered evidence contains coverage-triggering facts and shows that Nautilus had prior knowledge of them.[17] The latter requirement is met, say defendants, because a party and witnesses testified in the California case that defendants made business-harming false-representations and cross-claimant's counsel sought to have the jury instructed on false representation in conjunction with the cross-claims for interference with prospective economic advantage.[18] According to defendants, this testimony and argument make clear that the cross-claimant "was seeking damages against [them] for claims of defamation and/or business disparagement" all along.[19] Indeed, defendants continue,

---

[12] *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 242 (1937)).

[13] ECF No. 118 at 3.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 3 & n.7 (emphasis added).

[17] ECF No. 128-1 at 12–15 (proposed FRCP 60(b) motion).

[18] *Id.*

[19] *Id.* at 13.

"[u]nless [the cross-claimant] made these claims in [his] [cross-]complaint in [the California case], [he] would be unable to assert these false-representation claims at trial."[20]

There are several problems with defendants' argument. The largest being that the evidence simply does not show that Nautilus had knowledge of facts **before it filed this case** that would support a possible claim for slander, libel, or disparagement. Nor could it if, as defendants argue, facts later ascertained at trial were needed to "make clear" that is what the cross-claimant was pursuing all along in the California case. The evidence also does not show that the cross-claimant actually alleged or pursued at trial claims for slander, libel, or disparagement, either as stand-alone claims or as part of the ones for intentional misrepresentation. Thus, the offered evidence is not relevant to the issue that was presented to me: whether Nautilus ascertained facts **before it filed this case** that would support a possible claim for slander, libel, or disparagement against the insureds regarding the matters at issue in the California case.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that defendants' application for an order indicating that the court will entertain or grant a motion for relief from judgment under FRCP 60(b) based on newly discovered evidence **[ECF No. 126] is DENIED**.

IT IS FURTHER ORDERED that defendants' motion for emergency order shortening time to hear the application **[ECF No. 127] is DENIED** as moot.

Dated: December 29, 2017

_____
U.S. District Judge Jennifer A. Dorsey

---

[20] *Id.* at 14.