**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Nautilus Insurance Company, | Case No.: 2:15-cv-00321-JAD-BNW |
| Plaintiff | |
| v. | **Order Granting Motion for Reimbursement** |
| Access Medical, LLC, et al., | [ECF No. 202] |
| Defendants | |

In this insurance dispute, I held that Nautilus Insurance Company did not owe a duty to defend or indemnify its insureds Access Medical, LLC, Flournoy Management, LLC, and one of the companies' managing members, Robert Clark Wood II.[1]  On Nautilus's motion to recover what it spent defending them, I found Nautilus entitled to recover its reasonable fees and costs incurred through the date it filed this action, February 24, 2015.[2]  But, because Nautilus failed to demonstrate the reasonableness of its costs under the factors set out by the Supreme Court of Nevada in *Brunzell v. Golden Gate National Bank*,[3] I denied its request for reimbursement without prejudice to its doing so in another motion.[4]  Nautilus now requests its through-February 24, 2015, reimbursables in a motion that addresses those factors, seeking $14,637.50 jointly and severally from Access Medical and Wood and $119,081.12 against Flournoy (plus pre- and post-judgment interest from all three).[5]  Because Nautilus has shown that the reimbursables are

---

[1] ECF No. 70 at 11.

[2] ECF No. 194 at 13–14.

[3] *Brunzell v. Golden Gate Nat. Bank*, 455 P.2d 31 (Nev. 1969).

[4] ECF No. 194 at 13–14.

[5] ECF No. 202 at 17.

reasonable and appropriate, and the defendants have offered nothing to demonstrate otherwise,[6] I grant Nautilus's motion.

### Discussion

**A.    Nautilus is entitled to reimbursement because its request is reasonable under the *Brunzell* factors.**

Having reviewed the record, I find that Nautilus's reimbursement request is meritorious under the four *Brunzell* factors that courts "consider in determining the reasonable value of . . . attorneys' services": (1) "the qualities of the advocates: their ability, . . . training, education, experience, professional standing, and skill"; (2) "the character of the work . . . done: its difficulty, its intricacy, its importance, the time and skill required, the responsibility imposed, and the prominence and character of the parties where they affect the importance of the litigation"; (3) "the work actually performed by the lawyers: the skill, time, and attention given to the work"; (4) "the result: whether the attorneys were successful and what benefits were derived."[7]  Nautilus has demonstrated that its requests are reasonable.  Counsel for its insureds included the chair of a firm's insurance-coverage practice group; partners with decades of experience in insurance defense, personal injury, trials, and other areas of the law that were relevant to the underlying action; and a certified personal-injury specialist.[8]  Also, as Nautilus

---

[6] I likely could grant the motion as opposed under this district's Local Rule 7-2 ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").  Though that rule excepts motions for attorneys' fees and Rule 54-14 requires an "independent review of the record" for attorneys-fees motions, this motion is arguably not one for attorneys' fees but rather for reimbursement of costs under a theory of unjust enrichment.  Regardless, I do not rely on Rule 7-2 and instead grant the motion on its merits.

[7] *Brunzell*, 455 P.2d at 33 (cleaned up).

[8] ECF No. 202-1 at 2–4; ECF No. 202-5 at 2–3; ECF No. 202-6 at 2–3; ECF No. 202-13 at 2–3; ECF No. 202-14 at 2–8; ECF No. 202-15 at 2.

argues, the underlying action involved "over thirty causes of action" that required a "high level of expertise in business and trade law."[9]  And Nautilus puts forth evidence that counsel performed the type and amount of work that I find reasonable and expected given the character of the underlying case.[10]  For its work, counsel charged between $150 and $300 per hour,[11] which I find to be at the lower end of market rates in light of counsel's experience and the complexity of the work.  So I find that Nautilus is entitled to the $14,637.50 and $119,081.12 that it requests.

**B.    An award of pre- and post-judgment interest is also appropriate.**

I also find that Nautilus is entitled to pre- and post-judgment interest.  State law governs the amount, if any, of prejudgment interest; federal law, post-judgment interest.[12]  Under Nevada law, the amount of prejudgment interest is based on (1) "the rate of interest," (2) "the time when it commences to run," and (3) "the amount of money to which the rate of interest must be applied."[13]  The current rate of interest is 9.5% per year[14] (or .02602739726% per day); the interest clock started on March 23, 2015,[15] and runs through the date of this order (for a total of

---

[9] ECF No. 202 at 7–8; ECF No. 41-1; ECF No. 41-2; ECF No. 41-3; ECF No. 41-4.

[10] ECF No. 202 at 8–9, 13–14.

[11] *See generally* ECF No. 202-3; ECF No. 202-4; ECF No. 202-10; ECF No. 202-12.

[12] *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988).

[13] *Kerala Properties, Inc. v. Familian*, 137 P.3d 1146, 1148–49 (Nev. 2006) (cleaned up).

[14] The rate of interest is "the prime rate . . . plus 2 percent." Nev. Rev. Stat. § 17.130.  That rate is fixed and "calculated at the single rate in effect on the date of judgment." *Kerala Properties*, 137 P.3d at 1150.  The current prime rate is 7.5%.  Nevada Financial Institutions Division, Prime Interest Rate, https://fid.nv.gov/uploadedFiles/fidnvgov/content/Resources/Prime%20Interest%20Rate%20January%201,%202023.pdf (last visited March 27, 2023).

[15] Nev. Rev. Stat. § 17.130(2) ("The judgment draws interest from the time of service of the summons and complaint); ECF No. 13; ECF No. 14; ECF No. 15 (all noting that service waivers were sent on March 23, 2015).  I find that Nevada Revised Statute (NRS) 17.130 rather than 99.040 applies because this case does not "involve[] a contractual amount for which an ascertainable due date exists." *State Drywall, Inc. v. Rhodes Design & Dev.*, 127 P.3d 1082,

2,927 days); and the interest rate applies to the $14,637.50 and $119,081.12 in reimbursable costs. So the prejudgment interest amounts to $11,151.16 and $90,718.60. And post-judgment interest is available under 28 U.S.C. § 1961.[16]

## Conclusion

IT IS THEREFORE ORDERED that Nautilus's motion for reimbursement **[ECF No. 202] is GRANTED**. The Clerk of Court is directed to ENTER JUDGMENT in favor of Nautilus in the amount of $25,788.66 against Access Medical and Wood, jointly and severally, and $209,799.72 against Flournoy, with each amount accruing post-judgment interest until the amount is paid in full, and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
March 28, 2023

---

1086 (Nev. 2006); *see Nautilus Ins. Co. v. Access Med., LLC*, 482 P.3d 683, 688 (Nev. 2021) (concluding, in this case, that the "contract does not govern"); *see also M.C. Multi-Fam. Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 193 P.3d 536, 547 (Nev. 2008) (holding that prejudgment interest under NRS 99.040 was unavailable "because the agreement entered into did not provide a definite sum of money, and the value of the performance was neither stated nor ascertainable by mathematical calculation from a standard fixed in the contract or established market prices").

[16] 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").